## A. B. HALL v. BARNEY O'MALLEY.

1. FALSE IMPRISONMENT—CHARGE OF COURT.—It is no defense, in an action for false imprisonment against a sheriff, that he supposed he had a *capias* when he arrested the plaintiff; and if the law is thus stated to the jury by the court in its charge, a judgment for plaintiff will not be reversed in a proper case because of the failure of the court to further charge that the jury, in fixing the amount of damages, might consider whether defendant acted under the mistaken belief that he had a *capias;* for it was the duty of the defendant to ask a charge to that effect; and failing do so, he cannot be heard to complain for the first time in this court.

2. FALSE IMPRISONMENT—DRUNKENNESS.—Drunkenness of a sheriff at the time of making an illegal arrest is no legal defense, and may, in the discretion of the jury, be regarded as an aggravation of the offense.

3. EXEMPLARY DAMAGES.—Exemplary damages may be awarded, in the discretion of the jury, in a case of false imprisonment.

APPEAL from Harris.   Tried below before the Hon. James Masterson.

This was a suit instituted by defendant in error to recover damages from plaintiff in error, for alleged false imprisonment, &c.   On the trial, the jury found a verdict in favor of defendant in error for $1,000, on which the court rendered judgment.   Plaintiff in error then made a motion for a new trial, which was by the court overruled, and afterwards brought up the case on a writ of error.

The chief assignments of error refer to the charge, which was as follows, viz.:

"This is an action by plaintiff against defendant, for the illegal arrest by defendant of plaintiff, under circumstances of aggravation, as alleged by plaintiff.   Under the laws of Texas, no civil officer has the right to arrest a citizen of Texas unless he has a warrant, and if demanded, to exhibit same; or unless some offense against the criminal law is committed, by the person arrested, in the presence of the officer.

"If defendant, being then the sheriff of Harris county, without having in his hand any *capias* for the arrest of O'Malley,

arrested him and put him in the custody of his jailor, with in-
structions to take him to jail, and if afterwards, and after said
jailor had released the prisoner, under a suggestion that if
there was no *capias*, nor offense committed in the sheriff's
presence, he, (Hall,) in an insulting and unlawful manner,
again, without any *capias*, arrested plaintiff and maltreated
him, then find for plaintiff, and assess such a sum, by way of
and for damages, as you deem adequate and proper, consider-
ing the nature of the facts proved.

"In estimating damages, the jury are not to be confined
to actual damages, but are at liberty to assess damages pro-
portionate to the circumstances of outrage attending the ille-
gal arrest. The limit of the sum, if you find for plaintiff, is in
any sum less than $10,000.

"2d. The object of the law is not only to compensate the
person damaged, but also to prevent a repetition of the
wrongs ascertained by the facts in the given case.

"3d. It is no defense, that the sheriff supposed he had a
*capias;* nor had he any right to know if there was an indict-
ment for a misdemeanor, or any other indictment, against
O'Malley. Until a *capias* was issued and placed in his hands,
he had no right to arrest O'Malley, nor in any manner to
molest him, because there had been an indictment, if there
was any.

"Neither is drunkenness of the officer any excuse, but may
be received by the jury as an aggravation; but the jury will
consider the whole facts, and from them find such damages
as you deem adequate and proper."

*Winch & Schaefer*, for plaintiff in error, after arguing other
points discussed in the opinion, contended that the charge of
the court as to drunkenness was neither warranted by the plead-
ings nor by the evidence. It had a tendency to mislead, and
evidently did mislead, the jury; citing 12 Tex., 418; 20 Tex.,
111; 37 Tex., 511; 4 Tex., 455; 9 Tex., 428; 14 Tex., 592.

*W. P. & E. R. Hamblen,* for defendant in error, cited 6 Tex., 352.

GOULD, ASSOCIATE JUSTICE.—The first ground of complaint against the charge, is that it "assumed certain facts as proved, without leaving the finding of the same to the consideration of the jury." The specifications under this head are not to that part of the charge where the jury are told, that if defendant, being then sheriff, did certain acts, then to find for plaintiff, but refer to subsequent portions of the charge on the subject of the measure of damages. Of course, the question of the amount of damages could only arise after it had been decided that there was an illegal arrest, and therefore some damage. The charge on the mode of estimating damages assumes that the jury, in the course of their investigation, have reached that question, but does not so assume the illegality of the arrest as to interfere with the right of the jury to pass upon that issue.

Another objection taken to the charge, is that it withdrew from the consideration of the jury the motive in making the arrest. An examination of that part of the charge first objected to on this ground, shows that the proposition laid down, is that it was no defense that the sheriff supposed he had a *capias.* This is unquestionably the law. If the defendant wished the jury further instructed, that they might, in fixing the amount of damages, consider whether the sheriff acted under the mistaken belief that he had a *capias,* he should have asked a charge to that effect. He cannot avail himself here of the failure to give an instruction which might have been appropriate, but which he did not, at the right time, suggest to the court.

A second specification, under the same objection, is that the court charged as follows: "Neither is drunkenness of the officer any excuse, but may be received by the jury as an aggravation;" proceeding: "but the jury will consider the

whole facts, and from them find such damages as you deem adequate and proper."

It is to be observed that the defendant, on the trial, asked no instructions. He comes into this court relying on legal errors in the charge as given. Examining this charge critically, there is in it no error of law. Drunkenness in an officer is certainly no legal defense for making an illegal arrest, and it may be, if the jury think proper, even regarded as an aggravation. The jury are not told that the drunkenness of the officer is, as a matter of law, an aggravation of the illegal act, but that they may so receive it; and in the same sentence are instructed to consider the whole facts. If the defendant regarded this as an imperfect presentation of the law, and wished the jury instructed, that, in considering his motives and the amount of punitory damages, they were at liberty to consider his intoxication in connection with other facts, he should have asked such a charge. As given, the charge seems to be strictly the law; and if it be open to criticism, as incomplete, that is no ground for reversal.

In a supplemental brief, referring to the cases in this court on the subject of exemplary damages, appellant denies that such damages should be allowed for false imprisonment, that being an indictable offense. We regard this question as settled by the decisions to which counsel himself refers; especially since the principle has been recognized and applied in the Constitution of 1869 and 1870, and the present Constitution. (Const. 1869, art. 12, sec. 30,—2 Paschal's Dig., 1129; Const., art. 16, sec. 26.)

The judgment is affirmed.

AFFIRMED.